# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:17-CR-326 |
| | : (JUDGE MARIANI) |
| OMAR SANTIAGO-MUNIZ, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Defendant, Omar Santiago-Muniz, is presently charged with sexual exploitation and attempted sexual exploitation of a child, 18 U.S.C. §§ 2251(a) and (e), enticement of a minor to engage in sexual activity for which any person could be charged with a crime, 18 U.S.C. § 2422(b), and the transfer of obscene material to minors, 18 U.S.C. § 1470. (Doc. 1). On October 31, 2017, Magistrate Judge Joseph Saporito held a detention hearing and ordered Defendant detained pending trial. (Doc. 14). Presently before the Court is Defendant's Motion for Pretrail Release. (Doc. 20). On December 4, 2017, the Court held a hearing on the motion pursuant to 18 U.S.C. § 3142(f). For the reasons stated by the Court at the hearing, and for the reasons below, the Court will deny Defendant's Motion.

### II. FINDINGS OF FACTS

Defendant has lived most of his life in Montgomery County, Pennsylvania. He has never been convicted of a crime. He was recently employment as a correctional officer and is actively enlisted in the Army National Guard. Eleven of his friends and family members

came to support him at the detention hearing. Several individuals also wrote Defendant letters of support attesting to his character. Further, while out on bail for four months on the state charges that preceded his federal charges, Defendant did not flee and was not charged with any additional criminal conduct.

Defendant is presently charged with three felonies, one of which carries a mandatory minimum sentence of fifteen year in prison and a maximum sentence of thirty years in prison and another of which carries a mandatory minimum sentence of ten year in prison and a maximum sentence of life in prison. The Government alleges that Defendant, using Facebook accounts with the fictitious names of "Jade Miller," "Elizabeth Ridner," and "Kyle Richards," contacted two girls ages nine and eleven over the internet. He presented himself as a woman involved in nude modeling and had the girls send him pictures of themselves in bras and panties. He complemented the girls, told them that they would make great models, and said that he was starting modeling profiles for them. He then encouraged them to send him naked photos of themselves, which they did. At Defendant's direction, the girls then sent pictures exhibiting their vaginas so that Defendant could tell them if they were ready to have sex.

The Government further alleges that Defendant, using the Facebook accounts, sent the girls graphic adult pornography depicting oral, vaginal, and anal sex. He then told the girls that he would be sending a male "trainer" who would teach them how to engage in the sexual activity depicted in the pornography. He stated that other girls their age were being

"trained." He also said that he would pay them each $50 for the "training," but encouraged them not to tell anyone about it. He attempted to arrange meetings with the girls and asked them whether their parents let them go for walks by themselves.

The weight of the evidence against Defendant is very strong. While examining the girls' phones, the Pennsylvania State Police retrieved images which the girls sent to "Jade Miller" where they are nude and exhibiting their vaginas. Upon being interviewed, the girls stated that they sent the pictures of themselves at the request of "Jade Miller." The Police also recovered the conversations that the girls had with "Jade Miller," including ones where "Jade Miller" requested naked images of the girls and sent them adult pornography. A State Trooper assumed the identity of one of the girls and documented occasions where "Jade Miller," and later "Elizabeth Ridner," attempted to arrange meetings with the girls for the purpose of engaging in sexual acts. The Pennsylvania State Police also received information from the Kentucky State Police that the "Kyle Richards" Facebook account was used to receive child pornography from two minors in Kentucky.

After subpoenaing records from Facebook and Comcast Communications, the Pennsylvania State Police determined that Defendant used the IP addresses that were associated with the "Jade Miller," Elizabeth Ridner," and "Kyle Richards" Facebook accounts. During a subsequent search of Defendant's house, Defendant admitted to using the "Jade Miller," "Elizabeth Ridner," and "Kyle Richards" Facebook accounts. Defendant admitted to communicating with one of the girls, knew she was eleven years old, and knew

her by name. He admitted to receiving pornographic photos from other young girls and engaging in sexually related conversations with them. A forensic examination revealed that Defendant's computer contained an image of the eleven-year-old victim as well as pornographic pictures of other children. The examination also indicated that Defendant contacted four other girls between the ages of eleven and twelve in the Schuylkill County area and engaged in similar conversations of a sexual nature with them.

### III. STANDARD OF REVIEW

This Court may review a Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b). In reviewing a detention order, a district court must "mak[e] an independent determination of [a defendant]'s eligibility for release on bail." *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). After conducting a hearing, a district court should order the detention of a defendant before trial if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proof and must show by clear and convincing evidence that the defendant is a risk to the community or by a preponderance of the evidence that the defendant is a flight risk. *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).

In making a determination of whether a defendant is entitled to pretrial release under § 3142(e)(1), a district court should consider the following factors:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime

4

of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). Finally, in cases where "there is probable cause to believe that the person committed . . . an offense involving a minor victim under section . . . 2251 . . . [or] 2422," there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). To overcome this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). Nevertheless, even though § 3142(e)(3) shifts the burden of production onto the defendant, the burden

5

of persuasion "remain[s] always with the government." *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

## IV. Discussion

As Defendant has been charged with violations of 18 U.S.C. §§ 2251 and 2422, there is a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(E) in favor of detention. After holding a hearing and reviewing the exhibits attached to Defendant's brief, the Court finds that Defendant has failed to rebut this presumption. Although Defendant's counsel has argued that home confinement with the condition that Defendant not be allowed to use a computer will ensure the community's safety, the Court is unconvinced that, given the nature of the accusations, effective monitoring of Defendant could be achieved. Given the ubiquitous nature of not only computers but the myriad of other devices that have the capacity to connect to the internet, combined with the fact that the alleged behavior may occur surreptitiously in the home and elsewhere, the amount of supervision that pretrial services could realistically provide would not reasonably ensure the safety of the community in this case.

The Court finds particularly relevant the following passage from *United States v. Minnici*, 128 F. App'x 827 (2d Cir. 2005):

> The District Court noted that there was "overwhelming" evidence against the defendant and observed that the alleged activities are of an addictive sexual nature that cannot be suppressed simply by a restrictive set of bail conditions. Moreover, the District Court found that the defendant's alleged activities could be undertaken within the confines of his home or in other locations where the defendant may gain access to the Internet, and that pretrial services lacks the

6

capacity to engage in constant and comprehensive surveillance of the defendant in and outside his home. The District Court thus determined that effective monitoring of the defendant would be practically impossible, and this finding was not clearly erroneous.

*Id.* at 829-30. This case is no different. There is strong evidence that Defendant contacted not only the two minor victims on which the allegations of this case center around, but several other minor victims as well. Preventing this type of highly predatory and addictive sexual behavior which may be completed in relative secrecy with any number of devices that can connect to the internet is simply beyond the capacity of pretrial services to effectively monitor.

## V. Conclusion

For the reasons outlined above and for the reasons stated by the Court during the December 4, 2017, detention hearing, this Court will deny Defendant's Motion for Pretrial Release. A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge