## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 3:17-cr-00326** |
| | : | |
| **OMAR SANTIAGO-MUNIZ** | : | |
| | : | |

## DEFENDANT OMAR SANTIAGO-MUNIZ'S SENTENCING MEMORANDUM

**I.      Recommendation**

Defendant Omar Santiago-Muniz, by and through counsel, Zak T. Goldstein, Esquire, submits this memorandum in advance of the sentencing hearing which is currently scheduled for February 17, 2021 at 2 pm. Mr. Santiago-Muniz respectfully requests that the Court grant the Government's 5K1.1 and § 3553(e) Motion, depart downward from the 15-year mandatory minimum and sentencing guidelines, and impose a sentence of 97 months' incarceration followed by five years of supervised release. Mr. Santiago-Muniz also agrees to forfeit the electronic device which was used in the commission of the offense. Mr. Santiago-Muniz further requests that the Court recommend that he serve his sentence at FCI Allenwood – Low.

## II.    Introduction

Omar Santiago-Muniz pleaded guilty to an indictment charging him with one count of production of child pornography in violation of 18 U.S.C. § 2251(a). In summary, Mr. Santiago-Muniz admitted to soliciting naked, sexually explicit photographs from two minors through the Facebook Messenger application. The discovery indicated that he may have had some other similar chats with victims in other states for which he was not charged. Mr. Santiago-Muniz was arrested and detained on this charge on October 31, 2017. He has remained in custody since that date. By statute, the offense carries a mandatory minimum sentence of 15 years' incarceration and a maximum sentence of 30 years' incarceration. Mr. Santiago-Muniz, however, provided substantial assistance to the government by testifying in the matter of *United States v. David Dewald*, 4:17-CR-00025, and as the government notes in its departure motion, this testimony helped the government secure a conviction in that case.

Mr. Santiago-Muniz's background, potential for rehabilitation, and substantial cooperation in the Dewald case justify a significant downward departure from the guidelines and mandatory minimum. Accordingly, the Court should grant the government's motion for a downward departure from the mandatory minimum and sentencing guidelines. However, the Court should sentence Mr. Santiago-Muniz to a lesser sentence than that recommended by the

government as the Court should find that the computer enhancement does not apply and that Mr. Santiago-Muniz should receive one additional point towards the departure due to his cooperation. Accordingly, Mr. Santiago-Muniz requests that the Court sentence him to 97 months' incarceration followed by five years' supervised release. Mr. Santiago-Muniz will also be required to register as a sex offender under Pennsylvania and federal law for at least 25 years and possibly life.

### III.    Sentencing Guidelines

The Pre-Sentence Report indicates that the guideline range for this offense is 210 to 262 months' incarceration. Mr. Santiago-Muniz objects only to the two-point enhancement for the use of a computer in the offense as all child pornography offenses almost invariably require the use of a computer. *See United States v. McGuire*, 436 Fed. Appx. 74, 2011 WL 2689013 (3d Cir. 2011) (unpublished) (affirming district court's decision not to apply enhancement for use of computer on policy grounds); *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010).

Mr. Santiago-Muniz respectfully submits that the total offense level, prior to the Court ruling on the government's motion for a departure from the guidelines and mandatory minimum, should be 35, for a guideline range of 168 – 210 months' incarceration. With the government's motion for a four-point departure, the guideline range without the computer enhancement would then be 31, for a

guideline range of 108 – 135 months. Finally, Mr. Santiago-Muniz respectfully requests that the Court depart one additional point downwards as the government's analysis fails to reflect the fact that Mr. Santiago-Muniz did in fact receive threats to his life when other inmates learned that he was cooperating against Mr. Dewald. Therefore, without the computer enhancement and with one additional point in the departure, the guideline range would be 97 – 121 months.

Mr. Santiago-Muniz does not dispute that there was more than one victim. The defense's objection to the report related to the probation office's conclusion that there was more than one victim in Kentucky, not that there was more than one victim in total. The defense agrees that the probation department properly calculated the guidelines other than the disputed enhancement for use of a computer.

## IV.    Argument

The Court should grant the motion for departure from the mandatory minimum and guidelines and impose a sentence of 97 months' incarceration followed by five years of supervised release. As the government recommends in its sentencing memorandum, the Court should find that Mr. Santiago-Muniz provided substantial assistance in the prosecution of David Dewald, and the Court should also consider all of the factors in 18 U.S.C. § 3553(a) and impose a 97-month sentence despite the higher guidelines. Mr. Santiago-Muniz has no prior record,

has fully accepted responsibility above and beyond merely pleading guilty, has an extensive work history involving service to his community and country, is amenable to treatment, and is extremely unlikely to reoffend with the appropriate counseling and supervision. Under § 3553(a), the Court should impose a sentence that is sufficient but not greater than necessary to satisfy the statutory purposes of sentencing. A sentence of 97 months' incarceration followed by five years' supervised release along with the sex offender registration requirements is a sentence that would be sufficient to satisfy those purposes. It would also reflect the substantial cooperation Mr. Santiago-Muniz provided against a dangerous sexual predator.

First, Mr. Santiago-Muniz's history and circumstances indicate that 97 months' incarceration is sufficient and that he is unlikely to reoffend if he receives the appropriate sex offender counseling and treatment. Mr. Santiago-Muniz is 30 years old and has no prior criminal record. Prior to the commission of this offense, he was a law-abiding citizen of the United States who moved to Pennsylvania shortly after being born in Puerto Rico and lived throughout his life in Montgomery County, Pennsylvania. He always maintained gainful employment and helped support both himself and his family.

He was extremely committed to public service and his church. He earned his GED from Harrisburg Area Community College in 2009, and he graduated from

Montgomery County Community College with an Associate's Degree. After working a number of different retail jobs, he enlisted in the Army National Guard. He worked as a fire support specialist and earned a National Defense Service Medal. He received accommodations for two medals and one ribbon. He was honorably discharged.

While serving in the National Guard, Mr. Santiago-Muniz also worked for the Montgomery County Correctional Facility. He did receive some discipline while working there for using his cell phone while at work, but he was a correctional officer in mostly good standing until his arrest in this case. He resigned following his arrest. Some of the court records have indicated that he received discipline for failing to show up for work, but those absences came as a result of his arrest in this case. Nonetheless, both jobs reflect a commitment to his country and to public service. Mr. Santiago-Muniz has worked for his entire adult life, and he hopes to return to being a productive member of society as soon as he completes the incarceration portion of his sentence.

Mr. Santiago-Muniz retains significant family and community support as shown by the letters which have been written by eight people on his behalf despite the repulsive and stigmatizing nature of the charges that he faces. *See* Exhibit A. In addition to maintaining employment, he has also been an active participant in his church, and he has helped to support his parents. Notably, there have been no

allegations of any contact offenses involving children at the church or in any other setting.

Thus, Mr. Santiago-Muniz is a first-time offender with a history of gainful employment and military service. He has substantial family and community support, and he has accepted responsibility in this case.

Second, Mr. Santiago-Muniz is unlikely to reoffend. Again, he has no prior record involving sex offenses or otherwise. As noted in the Pre-Sentence Report, he underwent a psychological evaluation by Dr. Frank M. Dattilio, Ph.D., upon referral from defense counsel. Dr. Dattilio conducted extensive interviews and testing of Mr. Santiago-Muniz, reviewed the discovery in this case, and he also interviewed many of Mr. Santiago-Muniz's friends and family members. He noted that, as is unfortunately quite common in these cases, Mr. Santiago-Muniz is a victim himself and was molested when he was much younger by a family friend. That obviously does not excuse his conduct in this case, but his ability to begin understanding what led him to commit these heinous crimes is an important part of the treatment process and in ensuring that nothing like this ever happens again.

Dr. Dattilio concluded that at some point, Mr. Santiago-Muniz began excessively viewing pornography and eventually engaged in these illegal Facebook chats. Mr. Santiago-Muniz appears to have been reliving his own victimization, but he recognized that he needed help for himself. Notably, Mr. Santiago-Muniz has

been participating in prison programs for convicted sex offenders since shortly after his arrival at the Lackawanna County Correctional Facility despite the fact that no court has ordered him to do so. He has found them extremely helpful, and he has also been involved in helping other inmates obtain treatment due to his ability to translate for them as a result of being bilingual.

Mr. Santiago-Muniz fully admitted what he had done to Dr. Dattilio and did not downplay his actions. Most importantly, based on his evaluation, Dr. Dattilio concluded that Mr. Santiago-Muniz is amenable to treatment and supervision. Dr. Dattilio particularly felt that Mr. Santiago-Muniz is motivated to atone for his activities and change his life. He is extremely repentant and remorseful for his actions and will work diligently in treatment. While it is obviously impossible to predict the future, the fact that Mr. Santiago-Muniz has been able to admit what he did, has begun to understand the motivations for the crime, and that he has sought treatment in the prison voluntarily, all suggests that he has the potential for rehabilitation and is unlikely to reoffend.

Third, he has done everything he possibly can while in custody to improve himself. He has obtained numerous certificates both in the prison and through classes for bible study, and he has even become an ordained minister. *See* Exhibit B. Mr. Santiago-Muniz has voluntarily attended sex offender treatment in the county correctional facility which is ordinarily reserved for inmates who have

already been sentenced. Although programming has been limited due to COVID, he hopes to complete any vocational and rehabilitative programming possible and return to being a productive member of society as soon as possible.

Fourth, he has provided substantial assistance to the government by cooperating and testifying in the case of *United States v. Dewald*. He did so at great risk to himself, and he even received threats from other inmates after others learned that he was cooperating with the government. Nonetheless, he testified not only to help himself, but also because he was personally repulsed by Dewald's conduct and the fact that Dewald bragged to him about the horrific sex crimes that he had committed. Mr. Santiago-Muniz recognized that his own conduct was horrific and that he traumatized the victims, and he felt that assisting the government with its investigation into Mr. Dewald was one way for him to attempt to atone for his own actions and try to do something to make up for what he had done.

The defense also suggests that Mr. Santiago-Muniz should receive more credit for his cooperation than the government has recommended. The government has accurately analyzed the relevant factors except for the danger to the defendant. Mr. Santiago-Muniz notified defense counsel that he was receiving threats after Mr. Dewald learned that Mr. Santiago-Muniz was cooperating with the government. He received threats directly from other inmates as well as from Mr.

Dewald himself. Defense counsel wrote to the government by email on April 22, 2019 informing the government of Mr. Santiago-Muniz's concern for his safety. Mr. Santiago-Muniz had received threats from other inmates, been called a "CI", and learned that other inmates had seen Mr. Dewald's paperwork. Mr. Santiago-Muniz should receive one additional point towards a departure from the guidelines for his cooperation due to the danger that he placed himself in by cooperating against another inmate. Ultimately, Mr. Santiago-Muniz's testimony helped the government obtain a conviction in Dewald's case, and the Court should consider this fact in determining the appropriate sentence for Mr. Santiago-Muniz.

Finally, there is no downplaying the seriousness of the offense. The nature of the offense is extremely serious, and Mr. Santiago-Muniz's conduct was horrific. But relative to other fact patterns which fit these charges, it does not require more time in custody than 97 months' incarceration. This sentence, followed by years of supervision and sex offender registration, is an incredibly serious penalty for someone who has lived a law-abiding life, worked, and has no prior record. Mr. Santiago-Muniz engaged in these chats and solicited nude photographs, but he did not film child pornography himself, and he did not take any concrete steps to actually meet children or engage in contact offenses. Production of child pornography can encompass a wide range of conduct ranging from the least serious, which would likely be something along the lines of

soliciting images online, to actually filming and being involved in illegal sex acts against children in person, which would likely be the most serious. Mr. Santiago-Muniz committed a horrible crime, but he did not engage in any contact offenses and has shown true remorse for his actions.

Further, the search of his electronic devices revealed very little in the way of child pornography. Although he had solicited photographs from the victims, he made no concrete attempts to arrange for an actual meeting, and his electronic devices had only a handful of contraband images. Thus, on the spectrum of child pornography cases, this one was perhaps somewhat closer to a downloading or enticement case than the typical production case. That is not to suggest that Mr. Santiago-Muniz's behavior was acceptable. It was, of course, reprehensible. But the punishment should fit the crime, and 97 months' incarceration combined with supervised release, sex offender registration, and the other serious consequences of this conviction are sufficient to punish Mr. Santiago-Muniz, deter him and others, recognize the seriousness of the offense, and yet still allow for rehabilitation for a young man who can still be a productive member of society.

The behavior here was limited in time and scope, and should the Court impose a sentence of 97 months' incarceration, Mr. Santiago-Muniz, who has never before been arrested, will receive a severe punishment, but he will also have an opportunity to complete treatment, vocational training, and other rehabilitation.

*See United States v. D.W.*, 198 F.Supp.3d 18 (E.D. N.Y. 2016) (describing

programs potentially available to inmates convicted of sex offenses). The sentence

will also serve as a stark reminder to any other potential defendants that sex

offenses involving children are not punished lightly. But due to the fact that Mr.

Santiago-Muniz has no prior record, substantial community support despite this

conviction, has assisted the government in another even more serious case, and has

eagerly sought out treatment voluntarily, it appears that this was closer to a one-

time thing likely caused by Mr. Santiago-Muniz attempting to relive his own

victimization. Therefore, 97 months' incarceration is sufficient punishment for this

crime.

Finally, the extremely high guideline range and mandatory minimum in this

case fail to reflect Mr. Santiago-Muniz's substantial assistance and do not

adequately take into account the § 3553(a) factors. It is also likely that instead of

avoiding unwarranted sentencing disparities, following the guidelines in this case

and rejecting the recommended sentence would actually lead to increased

sentencing disparities given that the Sentencing Commission and as many as 69%

of district judges believe that the guidelines for receiving child pornography are

too high. *See United States v. Kelly*, 868 F.Supp.2d 1202, 1206 (D.N.M. 2012)

(explaining history of child pornography guidelines, collecting cases involving

substantial variances at appellate and district court level, and noting child

pornography guidelines not based on empirical data and "[d]istrict judges across the country have therefore consistently rejected the sentences that this Guideline recommends.") (citing *United States v. Diaz*, 720 F.Supp.2d 1039, 1041 (E.D. Wis. 2010)); *see also United States v. Grober*, 624 F.3d 592 (3d Cir. 2010) (describing history of federal child pornography guidelines and holding district court did not err in finding five year mandatory minimum sufficient sentence in downloading case despite guidelines calling for more than 200 months).

As many courts have noted, including the *Grober Court*, there are many good reasons for sentencing a child pornography defendant in variance with the guidelines. Although *Grober* dealt with a distribution charge, some of the enhancements that apply in those cases that result in "double-counting" also apply here. This is particularly true of the computer use enhancement as a computer is almost always involved in child pornography offenses. Thus, in addition to granting the departure motion as requested by the government, the Court should also find that the computer enhancement of two points does not apply.

Mr. Santiago-Muniz has no prior record, fully accepted responsibility, is amenable to treatment, has a history of gainful employment, retains significant support in the community, and is unlikely to re-offend. Although the crime is serious and crimes against children are horrific, this particular offense fortunately did not involve any concrete attempts to actually meet the children. Mr. Santiago-

Muniz asked for explicit photos of two young children over the internet, and his request was unfortunately successful. This is a serious crime, but 97 months' incarceration and five years' supervised release along with sex offender registration serves the purposes of § 3553(a) in light of all of the circumstances of this case and Mr. Santiago-Muniz's background.

## V.    Conclusion

Even prior to sentencing, Mr. Santiago-Muniz has paid and will continue to pay a severe price for his actions. He has already spent 38 months in jail, and if the Court accepts the recommendation, he will serve a substantial additional period of incarceration followed by at least five years on supervised release. He will be required to register as a sex offender. His family and friends know that he solicited child pornography on the internet, and his life will never be the same. He has lost his job with the Montgomery County Correctional Facility and his position in the National Guard. He feels tremendous remorse for his actions, but he is relieved that he was caught before things could progress any further. He respectfully requests that the Court impose the recommended sentence as that sentence is sufficient to punish Mr. Santiago-Muniz for his crime, deter him and others from committing similar crimes in the future, and still allow him the potential for rehabilitation and redemption. Therefore, the Court should sentence Mr. Santiago-Muniz to 97

months' incarceration followed by five years of supervised release with credit for
time served.

Respectfully submitted,

*/s Zak T. Goldstein*

_____
Zak T. Goldstein, Esquire
Goldstein Mehta LLC
1717 Arch St., Suite 320
Philadelphia, PA 19103
267-225-2545 (p)
215-405-2559 (f)
ztg@goldsteinmehta.com

Attorneys for Defendant,
Omar Santiago-Muniz

## <u>CERTIFICATE OF SERVICE</u>

I, Zak T. Goldstein, Esquire, being duly sworn according to law, hereby certify that a true and correct copy of this document was served upon the following individuals in the manner specified:

> **Hon. Robert D. Mariani**
> **U.S. District Court Judge**
> Middle District of Pennsylvania
> William J. Nealon Federal Building and Courthouse
> 235 N. Washington Ave.
> Scranton, PA 18503
> **VIA ECF**
>
> **Francis P. Sempa, Esquire**
> **Assistant United States Attorney**
> William J. Nealon Federal Building and Courthouse
> 235 N. Washington Avenue, Suite 311
> Scranton, PA 18503
> **VIA ECF**

> /s Zak T. Goldstein
> _____
> Zak T. Goldstein, Esquire
> Goldstein Mehta LLC
> 1717 Arch St., Suite 320
> Philadelphia, PA 19103
> 267-225-2545 (p)
> 215-405-2559 (f)
> ztg@goldsteinmehta.com
>
> Attorneys for Defendant,
> Omar Santiago-Muniz

Exhibit A

12/10/2020

Your Honor,

My name is Luis Santiago, I am Omar Santiago's brother. I was both troubled and surprised when I heard about my brother's arrest. The thought that one day I would have to bail my brother out of prison had never crossed my mind.

Omar has always been an upstanding individual. Has never gotten into any trouble and would never harm anyone. Always positive and always looking for ways to better himself, his future and those around him. I am extremely proud of Omar. He was the first person in our family to earn a college degree. He set life goals early on and he kept to them, always finding ways to improve on them. While attending college, he decided to join the military. Which he was honorably discharged from. His goal was to one day attend the academy to become a State Police Officer. That is all he ever talked about. Which is why his current situation is extremely out of character for him. He has worked so hard and now those dreams will never come true.

Omar has always been a caring person. Always helping others in need. He was always reaching out, helping others better themselves whenever possible. Never said no. It was almost like he believed that his purpose in life is to help others. Prior to his arrest Omar was helping support our parents. Our mother had lost her job, so Omar took it upon himself to pay the utilities, help with rent and any other expenses he could for them. Growing up they sacrificed everything for us, so now was the time to give back.

The biggest thing I admire about my brother is his ability to stay positive. He has been incarcerated for 3 years waiting on his fate. Not knowing what will come next. Yet he continues to look for ways to better himself and still help those around him. Even today while in prison, he is still looking at the future. He spends time looking up career options, finding ways to get his life back in order as quickly as possible once he is released. He has taken every opportunity given to him inside. He has passed every bible study course. He became an ordained minister. He voluntarily enrolled himself in counseling and behavioral courses. He has been a model inmate. Always helping others inside. Either by being a translator, helping them find information or just being there to listen. Because of this and how well he has handled himself inside, he was given a job overseeing the pod he is housed in. To help others. Though lately I have started to notice his time inside has begun to take a toll on his mental and physical health.

I speak to my brother almost every day, and everyday he tells me the same thing, that he never wants to be incarcerated ever again. That it is getting harder and harder to stay positive and he fears it will eventually consume him. His physical health has been rapidly declining. His body is in a constant state of pain. I had to call the facility in order to get him seen by the medical staff, as his requests were being ignored. It has gotten so bad, that his choice to where he wants to be housed has more to do with their medical care than anything else.

In closing. I want to thank you for taking the time to read my letter, and that you take this into consideration at the time of sentencing. Despite the current case. Omar is an honorable individual, a valuable member of the community and a good human being that learns from his mistakes. He has a strong network of friends and family that are here for him and will help him stay on the right path.

Sincerely,

Luis Santiago

604 Mourning Dove Rd

Eagleville PA 19403

484-941-2061

Dec 9 2020

Your honor,

  My name is Jonathan Harkin. I am writing this character letter in regards to my childhood friend Omar Santiago. I have been friends with Omar since the first grade, and to this day he is one of my few friends I can talk to about almost anything. We served in the national guard, and we both were proud of each other in serving this great nation.
  Omar was always there to help whenever someone needed it and did not ask for anything in return. He worked hard at his job to help his parents out with no hesitation at all. He is strong in his religious beliefs and remains positive, which helps me keep my faith.
  Hearing the news about what happened was a shock. I am aware of all that is going on, but I pledge with my words and on behalf of Omar Santiago, I strongly believe and know he is a good individual and knows with the time already served, that he has learned from this.
  I pray that this letter gives you and better understanding and idea of who my friend Omar is. I'm thankful that you took the time to read this letter.

V/R
Jonathan Harkin

484-948-6569

07 December 2020

TO: THE PRESIDING JUDGE

Rev. Luis R. Sánchez

I am a Pastor of the Spanish Eastern District Assemblies of God , I live in 6 Sunset Dr.,
Douglassville, PA 19518. I did served as a lead pastor of House of Prayer  Christian
Church in Pottstown PA for the past four and half years.

I Luis R. Sánchez I'm the pastor of Omar Santiago-Muñiz and his family I have known
Omar Santiago-Muniz for the last three and half years.

In all the time I have known him, Omar Santiago-Muñiz is a valuable and trustworthy
member in our church community.

My family and church community will continue to support Omar. There has not been a
single incident when there was a complaint against him. Omar is not a threat to the
community and his dedication to the community and military has always come first. I am
confident that Omar will continue to be a valuable member to society. I am proud to
know Omar Santiago-Muniz and would be happy to testify on his behalf if necessary. My
phone number is (717) 887-7840 (Mobil) and (610) 953-3326 (home)


Best Regards,

Rev. LUIS R. Sánchez

Dec 7th, 2020

Dear Justice,

My name is Jesus Rivera and I would like to take the time to write this letter on behalf of Mr. Omar Santiago. My family and I have known Omar Santiago for many years and have known him as a respectful and polite young man. He has demonstrated love and courtesy toward his parents and those that surround him. We understand that Omar might be eligible for release soon and we humbly ask you for this consideration. He has spent some time in prison and we hope the state sees this time as due punishment. We are looking forward for his redemption in Life and as a

Friend I look forward to helping him in any way I can so he can once again become an outstanding Citizen of State and community. I belive in Justice and the power of the law to redeem.

Thankyou for your consideration.

Jesus Rivera
294 Diamond St.
Pottstown PA.
19464

Nidia Santiago
358 Cherry St
Pottstown Pa 19464

Re. Omar Santiago

I have known Omar Santiago he is my nephew in which admired and look up to him. I was both very trouble and surprised to hear about his recent case.

Omar, is well known in his community, his church very well respected and love by his friends, family and his community. He comes from a very loving, caring, strong value back ground of family.

He is always been a upright character in his community, his job and with people he comes in contact with Omar carry his heart on his sleeve. He is always helping out everyone that come and ask him for a helping hand.

It is my most sincere hope the court takes this letter into consideration at the time of sentencing. Despite his current case. I truly Believe Omar Santiago to a Honorable individual and valuable member of the community.

Sincerly,
Nidia
Nidia Santiago

24

Maria Soto                                           December 4, 2020
319C Griffith Dr.
Douglassville, PA 19518

To whom it may concern,

By way of this letter I would like to state and confirm that I have known
Omar Santiago since he was a little boy, practically all his life.
He has always been a responsible, hardworking and caring young man.
I have taught him Sunday School in the past at the church he used to attend.
I have never known him to be violent or disruptive in any away. He has always
been a caring family kind of guy.

Thank you,

Sincerely,

Maria Soto

Maria Soto

Dec 1 2020

Your Honor

I Angela Santiago have been in Omar Santiago's life since he was born. His parents have raised him in a Christian household. He is a valuable and respectful person in the community. He has never caused harm to anyone and has always helped others.  I believe in Omar and can guarantee he will never put himself in a situation like this again.

Thank you. Sincerely

939-286-5509

From,

Tito Soto

717 N Charlotte ST APT 2

Pottstown PA 19464


8 October 2020

Your Honor,

My Name is Tito Soto, I have known Omar Santiago-Muniz since he was a child. His family and mine have been close friends for as long as I can remember. He has always been a smart, respectful and hard-working person. Stayed out of trouble. Always there to help others when needed. Omar is a guy that if he makes a mistake, he learns from that mistake. Omar has a lot of friends and family that are there for him and will continue to be there for him.


Sincerely,

*Tito Soto*

Exhibit B



# Honorable Discharge

## FROM THE ARMED FORCES OF THE UNITED STATES OF AMERICA

*This is to certify that*

OMAR ALEXIS SANTIAGO MUNIZ  5141  SPECIALIST  PAARNG

*was Honorably Discharged from the* __PENNSYLVANIA__

## Army National Guard

*and the Reserve of the Army, this* __13TH__ *day of* __MAY__ __2019__

*This certificate is awarded as a testimonial of Honest and Faithful Service.*



MATTHEW G. COOPER
COL, GS, PAARNG
G1

"This discharge does not relieve the individual named herein from any unfulfilled obligation to perform military service which may be imposed on them by law."

**NGB FORM 55, 20140123**   (USE PREVIOUS EDITION UNTIL EXHAUSTED)



**Universal Life Church**

HEADQUARTERS: 601 3RD ST., MODESTO, CALIF. 95351 • (209) 527-8111

*This is to certify that the bearer hereof*

Omar Alexis Santiago-Muniz

*has been ordained this day*   January 2, 2019

*and has all rights and privileges to perform all duties of the Ministry.*

## CREDENTIALS OF MINISTRY

Kirby J. Hensley, Founder
President 1959-1999

Lida G. Hensley, D.D.
President 1999-2006

Andre J. Hensley, President

Office Clerk

# Certificate of Completion

*This certifies that*

## Omar Santiago Muniz

*Has successfully completed the*

## Lessons from the Lives of Biblical Characters

*Correspondence Course*

*Through*
**Evangel Prison Ministries**
*PO Box 19229*
*Louisville, KY 40259*



*March 13, 2019*

*Date*

*Pam Wilhite*

*Signature*

31




# BIBLE TO YOU

This is to certify that

*Omar Santiago*

Having successfully completed the Bible study series

## "Finding Direction in God's Word"

Is awarded this

## CERTIFICATE OF RECOGNITION

In witness whereof, our signatures are affixed this _11th_ Day of _June 2019_

_Carl W. Earley_
Signed

_Mary L. Earley_
Witnessed

# Tabernacle School of The Bible

## Coudersport, Pennsylvania

# CERTIFICATE OF ACHIEVEMENT

This is to certify that

## OMAR SANTIAGO-MUNIZ

has successfully completed the Book of Philippians Bible study
and is awarded this diploma.

February 20, 2019
_____
Date

_____
Administrator



# Tabernacle School of The Bible

## Coudersport, Pennsylvania

### CERTIFICATE OF ACHIEVEMENT

This is to certify that

## OMAR SANTIAGO-MUNIZ

has successfully completed the Miracles of Christ Bible study
and is awarded this diploma.

_____
Administrator

March 7, 2019
Date



# Certificate of Completion

*This certifies that*

## Omar A Santiago Muniz

*Has successfully completed the*

## 90 Days of Change

*Correspondence Course*

*Through*
**Evangel Prison Ministries**
PO Box 19229
Louisville, KY 40259



*December 19, 2018*
_____
*Date*

*Kevin B. Miller*
_____
*Pastor's Signature*

35



THE
**Way of Life**
BIBLE CORRESPONDENCE COURSES
CERTIFICATE

GIVEN TO _____ Omar Santiago
WHO HAS COMPLETED THE SERIES OF STUDIES IN

*The Acts of the Apostles*

March 5, 2019
PRESENTED IN Tucson, Arizona USA



THE
**Way of Life**
BIBLE CORRESPONDENCE COURSES
CERTIFICATE

GIVEN TO _____ Omar Santiago
WHO HAS COMPLETED THE SERIES OF STUDIES IN

The Gospel According to John
December 27, 2018
PRESENTED IN Tucson, Arizona USA



**THE**

*Way of Life*

**COURSES BY CORRESPONDENCE**

# DIPLOMA

PRESENTED TO    OMAR SANTIAGO

WHO HAS SATISFACTORILY COMPLETED THE BIBLE CORRESPONDENCE COURSE

**THE WAY OF LIFE**

GIVEN AT  Tucson, Arizona USA          *Catherine Jefferis*

DATE    March 5, 2019                                    DIRECTOR

---

# Certificate

### This certifies that

## Omar Alexis Santiago-Muniz

### has satisfactorily completed the Lamp and Light Bible course

## The First Step

### having earned a grade of

### 99%

*"Continue thou in the things which thou hast learned and hast been assured of" (2 Timothy 3:14).*

*Paul Kaufman*                              *David Burkholder*
Director                                              Teacher

February 8, 2019

Lamp and Light Publishers, Inc., 26 Road 5577, Farmington, NM 87401 USA                   120084-14



BIBLE CORRESPONDENCE COURSE

# Mailbox Ministry
*A Ministry of Christ For Me, Inc.*

## *Certificate*
### OF COMPLETION

Awarded this 3/7/2019 to

## *Omar Santiago–Muniz*

in recognition for satisfactorily completing the Bible Course

### *A Country Called Heaven*

*Barbara Andrew*
**Barbara Andrews**
Mailbox Ministry Coordinator

*Ron Goossen*
**Ron Goossen**
President

*"All Scripture is given by inspiration of God, and is profitable for doctrine, for reproof, for correction,*
*for instruction in righteousness, that the man of God may be complete,*
*thoroughly equipped for every good work."*
*2 Timothy 3:16-17*



## Christ For Me, Inc.
PO Box 1694 ◆ Tahlequah OK 74465

Establishing
the Individual
in the Word of God
since 1978!

## Record of Grades for Bible Correspondence Course
### A Country Called Heaven

| | | | | |
|---|---|---|---|---|
| Lesson 1 | A+ | | Lesson 16 | A+ |
| Lesson 2 | A | | Lesson 17 | A |
| Lesson 3 | A+ | | Lesson 18 | A+ |
| Lesson 4 | A+ | | | |
| Lesson 5 | A | | | |
| Lesson 6 | A | | | |
| Lesson 7 | A+ | | | |
| Lesson 8 | A+ | | | |
| Lesson 9 | A | | | |
| Lesson 10 | A | | | |
| Lesson 11 | A | | | |
| Lesson 12 | A+ | | | |
| Lesson 13 | A+ | | | |
| Lesson 14 | A+ | | | |
| Lesson 15 | A+ | | | |

# PROJECT PHILLIP CERTIFICATE

### This Certifies that
### Omar Santiago-Muniz
### Has successfully completed
### The "Rebel With A Cause" Bible study




The Bible is the Sword of the Spirit. God's people are to sow the seed by studying the Word in the home and scattering it throughout the world.

3/25/2019

*Chino Valley Chapter*



# LIFE'S KEY
He who has the Son has life.  ~ 1 John 5:12 ~

Everyday Publications

Certifying that
**Omar Santiago-Muniz**
has successfully completed
The Bible - What's In It For You?
by correspondence

ECS
MINISTRIES
The Word to the World

Tim Priano

Tim Priano, Director

4 / 29 / 2019
Date

100%
Grade

# LIFE'S KEY
He who has the Son has life.  ~ 1 John 5:12 ~

Everyday Publications

Certifying that
**Omar Santiago-Muniz**
has successfully completed
Forgiving and Being Forgiven
by correspondence

ECS
MINISTRIES
The Word to the World

Tim Priano

Tim Priano, Director

3 / 25 / 2019
Date

100%
Grade



**LIFE'S KEY**
He who has the Son has life. ~ 1 John 5:12 ~

Certifying that
**Omar Santiago-Muniz**
has successfully completed
Men Who Met the Master
by correspondence

Everyday Publications

4 / 29 / 2019
Date

98%
Grade

ECS
MINISTRIES
The Word to the World

Tim Priano, Director

**LIFE'S KEY**
He who has the Son has life. ~ 1 John 5:12 ~

Certifying that
**Omar Santiago-Muniz**
has successfully completed
Doing Time With Jesus
by correspondence

Everyday Publications

2 / 25 / 2019
Date

100%
Grade

ECS
MINISTRIES
The Word to the World

Tim Priano, Director



# LIFE'S KEY
He who has the Son has life.   ~ 1 John 5:12 ~

Everyday Publications

Certifying that

**Omar Santiago-Muniz**

has successfully completed

Walkin the Walk

by correspondence

ECS MINISTRIES
The Word to the World

3 / 25 / 2019
Date

100%
Grade

Tim Priano, Director



# LIFE'S KEY
He who has the Son has life.   ~ 1 John 5:12 ~

Everyday Publications

Certifying that

**Omar Santiago-Muniz**

has successfully completed

God Is There

by correspondence

ECS MINISTRIES
The Word to the World

2 / 25 / 2019
Date

100%
Grade

Tim Priano, Director

*Rock of Ages Prison Ministry*
## Discipleship Institute

*Certificate of Completion*

*Presented To*

## Omar Santiago-Muniz

*For having successfully completed with honors the course of*

### Regeneration

*March 04, 2019*

**Course Grade    101**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,*
*rightly dividing the word of truth. II Timothy 2:15*



Dr. Charles W. Long
*Director of Discipleship Institute*
*Cleveland, Tennessee*

---

*Rock of Ages Prison Ministry*
## Discipleship Institute

*Certificate of Completion*

*Presented To*

## Omar Santiago-Muniz

*For having successfully completed with honors the course of*

### Baptism

*April 08, 2019*

**Course Grade    105**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,*
*rightly dividing the word of truth. II Timothy 2:15*



Dr. Charles W. Long
*Director of Discipleship Institute*
*Cleveland, Tennessee*

*Rock of Ages Prison Ministry*
## Discipleship Institute

*Certificate of Completion*

*Presented To*

*Omar Santiago-Muniz*

*For having successfully completed with honors the course of*
### Assurance

*April 08, 2019*

**Course Grade   105**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,
rightly dividing the word of truth.  II Timothy 2:15*



*Do. Charles W. Long*
*Director of Discipleship Institute*
*Cleveland, Tennessee*

---

*Rock of Ages Prison Ministry*
## Discipleship Institute

*Certificate of Completion*

*Presented To*

*Omar Santiago-Muniz*

*For having successfully completed with honors the course of*
### Faith

*March 04, 2019*

**Course Grade   105**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,
rightly dividing the word of truth.  II Timothy 2:15*



*Do. Charles W. Long*
*Director of Discipleship Institute*
*Cleveland, Tennessee*

*Rock of Ages Prison Ministry*
## Discipleship Institute

*Certificate of Completion*

*Presented To*

*Omar Santiago-Muniz*

*For having successfully completed with honors the course of*
### Why be Born Again

*March 04, 2019*

**Course Grade   105**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,
rightly dividing the word of truth.  II Timothy 2:15*



*Dr. Charles W. Long*
*Director of Discipleship Institute*
*Cleveland, Tennessee*

---

*Rock of Ages Prison Ministry*
## Discipleship Institute

*Certificate of Completion*

*Presented To*

*Omar Santiago-Muniz*

*For having successfully completed with honors the course of*
### Root of Bitterness

*March 04, 2019*

**Course Grade   105**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,
rightly dividing the word of truth.  II Timothy 2:15*

*Dr. Charles W. Long*
*Director of Discipleship Institute*
*Cleveland, Tennessee*

*Rock of Ages Prison Ministry*
## Discipleship Institute

### Certificate of Completion

*Presented To*

## Omar Santiago-Muniz

*For having successfully completed with honors the course of*

## Born A Slave to Sin

*April 08, 2019*

### Course Grade   **104**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,
rightly dividing the word of truth.  II Timothy 2:15*



*Dr. Charles W. Long*
*Director of Discipleship Institute*
*Cleveland, Tennessee*

---

*Rock of Ages Prison Ministry*
## Discipleship Institute

### Certificate of Completion

*Presented To*

## Omar Santiago-Muniz

*For having successfully completed with honors the course of*

## Bible

*April 08, 2019*

### Course Grade   **105**

*Study to shew thyself approved unto God, a workman that needeth not to be ashamed,
rightly dividing the word of truth.  II Timothy 2:15*

*Dr. Charles W. Long*
*Director of Discipleship Institute*
*Cleveland, Tennessee*

*Rock of Ages Prison Ministry*

# Discipleship Institute

*Certificate of Completion*

*Presented To*

## Omar Santiago-Muniz

*For having successfully completed with honors the course of*

## Repentance

*March 04, 2019*

**Course Grade   105**

Study to shew thyself approved unto God, a workman that needeth not to be ashamed, rightly dividing the word of truth.  II Timothy 2:15



*Do. Charles W. Long*

*Director of Discipleship Institute*

*Cleveland, Tennessee*